David C. Johnston (SBN 71367)
Attorney at Law
1600 G Street, Suite 102
Modesto, California 95354
Telephone: (209) 579-1150
FAX: (209) 579-9420
email: david@johnstonbusinesslaw.com

Attorney for Plaintiffs
Edward T. Taylor, III, and Michael E. Taylor

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Edward T. Taylor, III, and Michael E. Taylor,<br><br>　　　Plaintiffs,<br><br>vs.<br><br>Stephanie J. Taylor, Andrea Marie Leavy, and Goss & Goss, Inc., a California corporation,<br><br>　　　Defendants.<br>_____/ | Case No.<br><br>**COMPLAINT FOR (1) DAMAGES FOR WRONGFUL INTERFERENCE WITH CONTRACTUAL RELATIONSHIP; AND (2) DAMAGES FOR VIOLATIONS OF RICO ACT;**<br><br>**Demand for Jury** |

　　　Edward T. Taylor, III, and Michael E. Taylor (the "Plaintiffs), complain of Stephanie J. Taylor, Andrea Marie Leavy, and Goss & Goss, Inc., a California corporation (the "Defendants"),  and allege the following claims for relief:

## JURISDICTION AND VENUE

　　　1. This Court has original subject matter jurisdiction of the First Claim for Relief (Damages for Wrongful Interference with Contractual Relationship) under 28 United States Code § 1332 because the Plaintiffs are both citizens of the State of

Arizona and the Defendants are all citizens of the State of California, and the amount in controversy exceeds $75,000.

2. This Court has original subject matter jurisdiction of the Second Claim for Relief (Damages for Violations of RICO Act) under 18 United States Code § 1964(c).

3. Venue of the First Claim for Relief is proper in this Court under 28 United States Code § 1391(b) and (c) because the Defendants all reside in Eastern District of California and because all of the acts alleged herein occurred within the Eastern District of California.

4. Venue of the Second Claim for Relief is proper in this Court under 18 United States Code § 1965(a) because the Defendants all reside in the Eastern District of California.

**PARTIES**

5. Plaintiff Edward T. Taylor, III ("Ed"), is a citizen of the State of Arizona and the owner of an undivided one-third interest in real property commonly known as 403 and 405 Downey Avenue, Modesto, California (the "Downey Property"). Ed is the father of Plaintiff Michael E. Taylor ("Michael") and the father-in-law of Defendant Stephanie J. Taylor ("Stephanie"). Stephanie is married but estranged from non-party Scott T. Taylor ("Scott"), Ed's son and Michael's brother. (First names are used, just as in family law matters, for convenience and not out of any disrespect for parties.)

6. Michael is a citizen of the State of Arizona and the owner of an undivided one-third interest in the Downey Property. Michael is Ed's son and Scott's brother.

7. Stephanie is a citizen of the State of California and the estranged wife of non-party Scott. Stephanie has no interest in the Downey Property and has never had

any interest in the Downey Property.

8. Defendant Andrea Marie Leavy ("Leavy") is an attorney at law admitted to practice law in the State of California, and at all relevant times was the attorney for Stephanie in a dissolution of marriage action involving non-party Scott. The relationship between Leavy and Stephanie extends beyond the usual attorney-client relationship.

9. Goss & Goss, Inc., a California corporation, ("Goss & Goss") is a law corporation with its office in Modesto, California, is the employer of Leavy, and at all relevant times was the law firm representing Stephanie in a dissolution of marriage action involving non-party Scott.

## CLAIM FOR RELIEF
## (DAMAGES FOR WRONGFUL INTERFERENCE
## WITH CONTRACTUAL RELATIONSHIP)

10. The Plaintiffs incorporate by reference the allegations in Paragraphs 1 through 9 of this complaint.

11. The Plaintiffs, together with non-party Scott, became the owners of the Downey Property in spring of 2007, and a grant deed in their favor was recorded on May 25, 2007, as Instrument Number 2007-0066474-00, Official Records, Stanislaus County, California. Prior to this, the Ed, Scott, and Michael had received an inheritance from Ed's parents in Monterey County, California. Stephanie had executed an interspousal transfer deed disclaiming any interest in it, it had been sold, and the funds used to make loans to the prior owner of the Downey Property for renovations. The prior owner was unable to make payments on multiple deeds of trust, including the one held by Ed, Scott, and Michael, and the prior owner conveyed the property to the Plaintiffs and non-party Scott as set forth in the first

Complaint for (1) Damages for Wrongful
Interference with Contractual Relationship;
and (2) Damages for Violations of RICO Act;
Demand for Jury                              Page 3

sentence of this paragraph. Ed paid the prior owner $10,000 from his personal funds and paid for the remaining renovations to be done with his personal funds.

12. Stephanie at all times acknowledged that the one-third undivided interest of Scott, her husband, in the Downey Property was his separate property, the source of its acquisition being the sale of other real property received by inheritance which she had specifically disclaimed.

13. On or about December 18, 2018, the Plaintiffs entered into a lease with Tye Bauer and Niccol Bauer (the "Bauers") whereby the Bauers agreed to lease a portion of the Downey Property for a restaurant for one year at a rental rate of $3,600 per month, and were given an option to purchase the Downey Property for $450,000 (the "Lease-Option"). The deadline for exercising the option to purchase was subsequently extended because of the conduct of the Defendants. The Defendants, and each of them, were aware of the existence of the Lease-Option.

14. The conduct of the Defendants, and each of them, prevented performance of the Lease-Option. The Bauers exercised their option to buy and were ready, willing, and able to perform but the Defendants refused to allow the sale to be consummated, asserting spurious claims in 2020 and continuing to this date. Although Stephanie had no interest in the Downey Property, she interfered with the sale and would not allow would not allow it to be sold. The Bauers eventually gave up, found a different location, and vacated the Downey Property, leaving the Plaintiffs without a tenant or buyer.

15. Within the preceding two years, the conduct of the Defendants, and each of them, was the cause of the Bauers vacating the Downey Property, resulting in lost income to the Plaintiffs of $3,600 per month, resulting in the sale to the Bauers, and exposing the Plaintiffs to substantial liability for breach of the Lease-Option

agreement. Because of the Bauers' departure, the insurance company has refused to renew the fire insurance policy and the Downey Property is not insurable against fire and other casualty.

16. The actions of the Defendants were unjustified and intended to result in a breach of the Lease-Option for an improper purpose. Plaintiffs were unable to convey clear title to the Bauers. The actions of the Defendants were the proximate cause of the breach.

17. The actions of the Defendants were malicious and oppressive and motivated by spite and hatred. The Plaintiffs are entitled to an award of punitive damages.

18. The Plaintiffs have been suffered compensatory damages which continue to accrue because of the lost rent, inability to insure the Downey Property, and their inability to sell the Downey Property, all in a sum to be determined at trial, according to proof, but clearly in excess of $75,000.

## SECOND CLAIM FOR RELIEF
## (DAMAGES FOR VIOLATIONS OF RICO ACT)

19. The Plaintiffs incorporate by reference the allegations in Paragraphs 1 through 16 of this complaint.

20. The Defendants are principals in an enterprise which has engaged in a pattern of activity prohibited by 18 United States Code §§ 1341 (mail fraud), 1343 (wire fraud). More specifically, the Defendants have repeatedly and consistently used the mail and wire services in interstate commerce for the purpose of wrongfully interfering with the Plaintiffs' ownership in the Downey Property as set forth in the First Claim for Relief.

21. As a direct and proximate result of the violation of the foregoing

predicate acts, the Plaintiffs have suffered damage to their interest in the Downey Property, have lost substantial rental income, and have been exposed to uninsured casualty losses, all of which damages will continue to accrue. The compensatory damages will be determined at trial, according to proof.

22. Pursuant to 18 United States Code § 1964(c), the Plaintiffs are entitled to recover "threefold" the damages they have sustained, together with reasonable attorney's fees.

## PRAYER

Wherefore, Edward T. Taylor, III, and Michael E. Taylor, the Plaintiffs, pray for entry of a judgment:

***On the First Claim for Relief:***

1. For compensatory damages, according to proof; and

2. For punitive damages as the Court determines to be just and proper.

***On the Second Claim for Relief:***

1. For treble compensatory damages, according to proof; and

2. For reasonable attorney's fees.

***On both claims for relief:***

1. Costs of suit incurred.

Dated: March 4, 2021.

Respectfully submitted,

/s/ David C. Johnston
_____
David C. Johnston
Attorney for Plaintiffs
Edward T. Taylor, III, and
Michael E. Taylor

/////
/////
/////
/////

# JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(a) and (b)(1), Edward T. Taylor, III, and Michael E. Taylor, the Plaintiffs, demand a jury trial on all issues.

Dated: March 4, 2021.

Respectfully submitted,

*/s/ David C. Johnston*

_____
David C. Johnston
Attorney for Plaintiffs
Edward T. Taylor, III, and
Michael E. Taylor